IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DORIS DeRYKE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 08-4199-CV-C-WAK |
| CRACKER BARREL OLD COUNTRY STORE, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Doris DeRyke is a former employee of Cracker Barrel Old Country Store, Inc. She worked as a hostess at the Columbia, Missouri location between April 1997 and October 2007. Following her discharge, she filed charges of discrimination with the Missouri Commission on Human Rights and the United States Equal Employment Opportunity Commission. After receiving right-to-sue letters, plaintiff filed a seven-count petition in the Circuit Court of Boone County, Missouri, alleging discrimination, retaliation, and state law tort claims. Defendants[1] removed the case to federal court and filed a motion to dismiss. Plaintiff responded in opposition to the motion and filed a motion to remand. Both motions are fully submitted and a brief telephone conference was held on November 3, 2008.

Defendants request the court to dismiss Count V in its entirety; Counts I, II, III, and IV as they relate to the individual defendants; and Counts I, II, III, IV, VI and VII as they relate to Woodhouse specifically. Defendants assert plaintiff has failed to state a claim for which relief can be granted.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41,

---

[1] Defendants are Cracker Barrel Old Country Store, Inc.; Michael Woodhouse, President of Cracker Barrel; Alice Reynolds, Director of Human Relations for Cracker Barrel; and Bill Ballard, Regional Manager for Cracker Barrel for the district that included Missouri.

47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___. ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Federal Rule of Civil Procedure 12 (b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008).

Plaintiff alleges she worked as a hostess at Cracker Barrel, seating customers on an established rotating and proportional basis. In September 2007, one of the servers told plaintiff she had experienced problems with some black customers and asked plaintiff not to seat black customers at her tables. The request upset plaintiff and she wrote "Bul" on a piece of plexiglass covering the table diagrams at her hostess station. She states she did not intend to honor the server's request because it was discriminatory and wrong.

Later on that work shift, a manager came to the hostess station and asked plaintiff why "Bul" was written on the table diagram. She explained the situation to the manager and was shortly thereafter told to speak to a human resources representative at the home office. Defendant Reynolds interviewed her by telephone about the server's request.

On October 5, 2007, plaintiff was notified by defendants Ballard and Reynolds that she was discharged from her employment. She states she was not told why she was being let go. She was 73 years old at the time, and she applied for unemployment benefits. Cracker Barrel challenged the award of unemployment benefits and asserted plaintiff had violated a company policy, which resulted in her discharge.

Additionally, plaintiff asserts she was discriminated against on the basis of a disability. She states she had a medical condition which required her to drink lots of water. When she did not drink enough water, she suffered from physical symptoms. Employees were not supposed to have water at their work stations, so plaintiff put a water bottle in a nearby trash can, out of sight

of customers. On one occasion, a manager saw her drinking from the bottle and she was disciplined for having water at her station.

In Counts I though IV of her complaint, plaintiff seeks relief from all four defendants. In Count I, she claims she was terminated for opposing racial discrimination. Count II alleges defendants refused to reinstate her employment when she requested reconsideration, and then opposed her award of unemployment benefits as a way of retaliating against her for opposing racial discrimination. Count III identifies section 213.055 of the Revised Statutes of the State of Missouri as the basis for her claim for unlawful discharge for opposing racial discrimination. Count VI appears to be a retaliation claim brought under section 213.070 of the Revised States of the State of Missouri.

Count V of the complaint is brought only against Cracker Barrel, under section 213.055 of the Revised Statutes of the State of the Missouri, for disability discrimination based upon her medical condition requiring her to drink plenty of water.

Counts VI and VII of the complaint name all four defendants and are brought under state tort law for intentional and reckless infliction of emotion distress and for wrongful discharge.

Defendants request the court to dismiss the individual defendants from Counts I and II of the complaint because Title VII does not allow for individual liability. In response, plaintiff contends she did not bring claims under Title VII; that her claims are based upon state law.

Counts I and II do not specifically state they are brought under Title VII. They do, however, in paragraphs 56 and 74, state, "The actions of the Defendants, and each of them, in discharging and participating in the discharge of the Plaintiff, as aforesaid, was in violation of the Constitution and laws of the United States." The complaint incorporates the EEOC's right-to-sue letter, and the right-to-sue letter references Title VII and/or the ADA. Counts I and II do not reference state law, as do Counts III, IV, and V. Plaintiff has identified no other federal law or constitutional violation in the first two counts, and thus, implicitly brings her claims in those counts under Title VII.

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, provides a remedy for employees who have been subjected to racial discrimination or retaliation. The remedy lies against the employer, and not against individual employees. Case law supports dismissal of the Title VII claims against the individual defendants because they are not

3

employers within the meaning of the statute, and supervisors may not be held individually liable under Title VII.  See Spencer v. Ripley County State Bank, 123 F.3d 690 (8th Cir. 1997).

The individual defendants also request dismissal of the state law claims brought against them in Counts III and IV.  Defendants assert the Missouri Human Rights Act, Mo. Ann. Stat. § 213 (West 2004), does not impose liability on individual employees.  See Lenhardt v. Basic Institute of Technology, 55 F.3d 377, 381 (8th Cir. 1995).

Plaintiff responds in opposition to dismissal and cites the court to Cooper v. Albacore Holdings, 204 S.W.3d 238 (Mo. App. E.D. 2006).  In Cooper v. Albacore Holdings, Inc., the court held that the plain and unambiguous language within the definition of "employer" under the MHRA includes individuals in the event of discriminatory conduct and that the chief executive officer could be found individually liable.  Accord Brady v. Curators of University of Missouri, 213 S.W.3d 101 (Mo. App. E.D. 2006).

Federal cases in this district have also called into question the continuing validity of Lenhardt, and have permitted claims to proceed against individual employees.  See Wesley v. OCE Business Services, Inc., 2005 WL 998624 (W.D. Mo. 2005); Shortey v. U.S. Bank, et. al, No. 03-0530-CV-W-SWH (W.D. Mo. Dec. 5, 2003); Garrett v. Ball Metal Beverage Container Corp., No. 05-0068-CV-W-ODS (W.D. Mo. Feb. 24, 2005).  After considering the well-reasoned opinion of United States District Judge Scott O. Wright in Wesley, citing the opinion by United States Magistrate Judge Sarah W. Hayes in Shortey, the court is persuaded that there is a reasonable basis to predict the Missouri Supreme Court might impose liability on individuals under the MHRA based upon the statutory definition of "employer."  This position is strengthened by the decision in Cooper.  Accordingly, defendants' motion on that ground is denied.

The individual defendants also assert the MHRA claims against them should be dismissed because plaintiff failed to exhaust her administrative remedies, in that she did not name the individuals in her administrative charge.  Although plaintiff's response to the motion does not directly address this issue, it was discussed at the recorded telephone conference held on November 3, 2008.  Through counsel, plaintiff asserted that the individual defendants were identified on the intake sheet, and that the administrative agency prepared the actual charge for the plaintiff to sign.

4

"Although not jurisdictional, a right-to-sue letter is a prerequisite to the filing of a MHRA claim in state court. The purpose of requiring the issuance of the letter, prior to being allowed to file a [sic] MHRA claim in state court, is to afford the MCHR an opportunity to determine the validity of the complaint by investigating the complaint, to determine whether there is probable cause to believe that discrimination has occurred, and to hold a hearing." Smith v. Aquila, Inc. 229 S.W.3d 106, 110 (Mo. App. W.D. 2007).

In this case, plaintiff obtained her right-to-sue letter from the Missouri Commission on Human Rights, and the individual defendants were identified in the process as persons involved in the alleged discrimination. Individual liability under the MHRA is a developing area of the law, and in the absence of case law directly on point with regard to the requirements of who must be named on the face of the charge when the administrative agency prepares the written charge, the court declines to dismiss the individual defendants on this basis under the specific facts of this case.

Defendant Woodhouse, individually, asserts plaintiff has failed to state a claim against him. Specifically, Woodhouse notes plaintiff has failed to set forth any facts showing his involvement in the events giving rise to this lawsuit. Plaintiff responds that defendant, as president of defendant Cracker Barrel, is an agent who is subject to individual liability and he has control of company policies. Her complaint, however, does not allege Cracker Barrel has discriminatory policies or that the discrimination and retaliation was consistent with or otherwise due to Cracker Barrel's policies. In fact, the policies identified in the complaint were anti-discriminatory. (Doc. 1-2 at paragraph 10 - 11.)

As stated in Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965, the "complaint must allege facts which, when taken as true, raise more than a speculative right to relief." Benton v. Merrill Lunch & Company, Inc., 524 F.3d 866, 870 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp,. 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

In this case, defendant Woodhouse was not plaintiff's supervisor, did not work in the restaurant where the events occurred, has not been alleged to have been involved in the investigation or decision to terminate plaintiff's employment, and otherwise has not been shown

5

to have taken any actions which caused plaintiff harm.  Plaintiff has not alleged a policy for which Woodhouse was responsible that caused her harm.  The complaint is devoid of factual allegations which would show a causal connection sufficient to state a claim for relief against defendant Woodhouse.

Under the holding in Cooper v. Albacore Holdings, Inc., Woodhouse, as the chief executive officer, would be subject to suit under the MHRA if appropriate allegations were made showing his involvement or supervision over plaintiff.  Absent such allegations, however, he is entitled to have the claims against him dismissed..

Defendants also move for dismissal of Count V of the complaint because plaintiff failed to exhaust her administrative remedies with regard to her claim for failure to accommodate her disability.  Count V is brought under Missouri state law.  Plaintiff responds in opposition to dismissal and concedes that her EEOC charge was based solely on retaliation.  Nevertheless, she argues that her disability claim should be permitted to go forward.  Case law does not support plaintiff's position.

The right-to-sue letter issued by the Missouri Commission on Human Rights states it was issued based on the EEOC's processing.  The EEOC charge identified retaliation as the only basis for the discrimination.

As a general rule, claims under the federal discrimination statutes and the Missouri Human Rights Act are analyzed under the same standards.  See Finley v. Empiregas, Inc., 975 F.2d 467, 473 (8th Cir. 1992).  Plaintiff has not cited cases which indicate MHRA claims differ from Title VII claims with regard to the exhaustion issue.

"If the EEOC gives the individual a right-to-sue letter following the EEOC investigation, the charge limits the scope of the subsequent civil action because 'the plaintiff may [only] seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge.'  Permitting claims to be brought in court which are outside the scope of the EEOC charge would circumscribe the EEOC's investigatory and conciliatory role and deprive the charged party of notice of the charge."  Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006) (internal citations omitted).

Here, plaintiff did not exhaust administrative remedies for her disability claim, and her disability claim is not like, did not grow out of, and is not reasonably related to her claims of racial discrimination. Accordingly, Count V is dismissed.

Plaintiff moved, on September 4, 2008, for a remand to the Circuit Court of the County of Boone. Plaintiff alleges the complaint does not meet the federal question requirement for removal to federal court. As set forth above, the court finds that plaintiff implicitly brought claims under Title VII, and thus, pled a federal cause of action.

A state court case may be removed to federal court if the case would have been within the original jurisdiction of the federal court when it was filed. 28 U.S.C. § 1441. If subject matter jurisdiction is lacking, however, the case must be remanded back to the state court. 28 U.S.C. § 1447(c). Here, plaintiff's Title VII claims would have been within the original jurisdiction of this court when they were filed, and removal is proper.

For these reasons, it is

ORDERED that (1) plaintiff's Title VII claims against the individual defendants in Counts I and II are dismissed;

(2) Defendants' motion to dismiss the MHRA claims against the individual defendants in Counts III and IV is denied;

(3) Defendants' motion to dismiss the claims against defendant Woodhouse is granted;

(4) Count V, alleging disability discrimination, is dismissed [6]; and

(5) Plaintiff's motion for a remand is denied. [13]

Dated this 3rd day of December, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge