IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DORIS DeRYKE, )
)
        Plaintiff, )
)
    v. ) No. 08-4199-CV-C-WAK
)
CRACKER BARREL OLD COUNTRY )
STORE, INC., et al., )
)
        Defendants. )

## ORDER

      Plaintiff Doris DeRyke filed suit in July 2008, alleging defendants improperly fired her for engaging in protected activity, implicitly claiming a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq, and specifically claiming a violation of the Missouri Human Rights Act, §§ 213.055 and 213.070. Additionally, she included state law claims for intentional infliction of emotional distress and wrongful termination. Following the close of discovery, defendants filed a motion for summary judgment.

      Rule 56(c) of the Federal Rules of Civil Procedure requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

      Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly

probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

The undisputed facts show plaintiff Doris DeRyke began employment at the Columbia, Missouri, Cracker Barrel in April 1997. At the time of her dismissal in October 2007, she was 73 years old and working as a hostess, which involved greeting customers when they arrived and seating them at tables in the restaurant. She claims she was fired because she reported racial discrimination by another employee toward customers.

On the morning of September 27, 2007, Pauline Hahn was a server who was having trouble with some of her customers. They kept needing things and some of them were complaining that the food was cold. When she re-ordered the food and they still weren't satisfied, she asked for help. Associate Manager Mike Donnelly reordered the food again and eventually took care of the charges for meals at one of the tables.

Hahn also asked DeRyke not to seat customers at her tables for awhile, and plaintiff made a notation of "NB" on Hahn's section of the seating chart kept at the hostess stand. When Amy Ehler arrived for work as an additional hostess, she asked plaintiff what the notation meant. The parties disagree about what plaintiff told Ehler, but agree plaintiff modified the notation to "BUL" and that it referred to the seating of black diners.

When Michael Donnelly was shown the modified notation, he asked plaintiff what it meant. She told him and he became upset and told her to erase it. The incident was reported to other management personnel and Guest Resources, and an investigation was started. When it concluded, plaintiff was fired and Hahn was disciplined.

2

Case 2:08-cv-04199-WAK   Document 74   Filed 11/10/09   Page 2 of 5

Plaintiff and defendants have differing accounts of what Hahn said to plaintiff about seating new guests at her tables. Plaintiff has consistently stated that Pauline Hahn asked her not to seat any more blacks in her section and that she refused to do so because it was wrong. She said she showed Donnelly the seating chart, that her first notation meant "no blacks" and her modified notation meant that it "was bull and meant no blacks." (DeRyke Depo. at 101.) Plaintiff states she was fully aware of discrimination policies and was upset that Hahn would ask her not to seat black guests at Hahn's tables. When Donnelly strongly reacted to the notation and became upset, plaintiff told him she didn't want to get anyone in trouble. She felt he was blowing the incident out of proportion and they would all be better off if it was just forgotten.

On the other side, defendants assert plaintiff is the one who brought race into the incident. They say they learned during the investigation that she had also violated company policy by engaging in conversations at the restaurant or retail store which demonstrated racial discrimination. With regard to the September 27 incident, defendants state Hahn specifically denied making a race-based request and that no one could verify DeRyke's claim.

Further, employee Amy Ehler gave verbal and written statements that

(1) Plaintiff told her the notation on the chart was because Hahn was having trouble with a couple of her tables and they were not going to seat any more blacks in Hahn's section;

(2) Hahn talked to her at the hostess stand and told her she had asked DeRyke not to overseat her, but that Hahn did not mention race during their conversation;

(3) Plaintiff told her blacks act like they should be treated like royalty; and

(4) She overheard plaintiff make inappropriate, racially-biased comments to a guest in the retail portion of the store.

Defendants note that during her employment, plaintiff had been given several written counselings for poor performance or violations of company policy. Based upon the results of the investigation, defendants say they terminated plaintiff for violations of Cracker Barrel's Public Accommodation Policy and Code of Conduct.

"The elements of a prima facie case of retaliatory discrimination are: 1) the employee engaged in activity protected under Title VII; 2) an adverse employment action was taken against her; and 3) there was a causal connection between the two." Turner v. Gonzales, 421 F.3d 688,

3

Case 2:08-cv-04199-WAK   Document 74   Filed 11/10/09   Page 3 of 5

695-96 (8th Cir. 2005); Sowell v. Alumina Ceramics, Inc. 251 F.3d 478 (8th Cir. 2001).  Once plaintiff makes a prima facie case, the burden of production shifts to the defendants to show a legitimate, nondiscriminatory reason for their actions.  If they do, the burden then shifts back to the plaintiff to show the stated reason was a pretext.  Turner v. Gonzales, 421 F.3d at 696.

Defendants claim they are entitled to judgment as a matter of law because plaintiff did not engage in an activity protected under Title VII.  The relevant portion of 42 U.S.C. § 2000e-3(a) states "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  The subchapter makes it an "unlawful employment practice for an employer–(1) . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).

Not every complaint about workplace conditions, however, constitutes a protected activity, and retaliation in response to an unprotected activity does not support a retaliation claim.  45A Am. Jur. 2d Job Discrimination § 242 (2009).  "The opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation."  Learned v. City of Bellevue, 860 F.2d 928, 932 (9th Cir. 1988) (citing Silver v. KCA, Inc., 586 F.2d 138, 142 (9th Cir. 1978).

Plaintiff claims she was discharged because she complained about another employee discriminating against customers because of their race.  Under the plain language of the cited statute, discrimination against customers is not an unlawful employment practice.  Customers do not receive compensation, terms, conditions or privileges of employment, have employment opportunities or employee status.  Accordingly, defendant Cracker Barrel is entitled to judgment as a matter of law on plaintiff's Title VII claims, set forth in Counts I and II.

4

Plaintiff does not challenge defendants' motion for summary judgment for Count VI, intentional infliction of emotional distress. Thus, that claim is dismissed.

Plaintiff has not alleged or argued that her retaliation claims can or should proceed under any other federal statute, and appears to prefer to proceed on the state law claims. Her remaining state law claims are found in Counts III, IV and VII. Under 42 U.S.C. § 1367, the court may decline to exercise jurisdiction over the state law claims because the federal claims have been dismissed. Accordingly, the case will be remanded to the Circuit Court of Boone County, Missouri, for disposition of all remaining matters.

For the reasons set forth above, it is

ORDERED that defendants' motion for summary judgment is granted with respect to
> (1) plaintiff's Title VII claims for racial discrimination and retaliation, Counts I and II; and
>
> (2) plaintiff's state law claim for intentional infliction of emotional distress, Count VI.

It is further

ORDERED that defendants' motion for summary judgment is denied, without prejudice, as to all remaining state law claims, Counts III, IV and VII. It is further

ORDERED that this case is remanded to the Circuit Court of Boone County, Missouri, for all further proceedings. It is further

ORDERED that the clerk of court shall mail a certified copy of this order of remand to the clerk of the state court.

Dated this 10th day of November, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge